**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kirk Tjalas, et al., | No. CV-24-00462-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Jamin Ruark, et al., | |
| Defendants. | |

On March 5, 2024, Plaintiffs filed their Complaint alleging state law claims against Defendants. (Doc. 1.) Plaintiffs allege that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 (the diversity jurisdiction statute).[1] (Doc. 1 ¶ 48.) The Complaint, however, fails to sufficiently allege that this Court has subject-matter jurisdiction over the claims *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding that a federal court has an independent duty to ensure subject-matter jurisdiction exists in cases before it); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) ("The party seeking to invoke the Court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction.")

Section 1332 provides that diversity jurisdiction in a civil action exists where (1) the citizenship of each plaintiff differs from the citizenship of each defendant, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Complaint here fails

---

[1] Plaintiffs also reference 28 U.S.C. § 1441, the removal statute, but Plaintiffs initiated this case in federal court. It was not removed here.

to adequately plead the elements of diversity jurisdiction for at least four reasons. First, the citizenship of individuals is determined by domicile, not state of residence. *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957); *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a state is not necessarily domiciled there, and this is not necessarily a citizen of that state."). The Complaint, instead of alleging the named individuals' citizenship, identifies Plaintiff Kirk Tjalas as residing in Pima County, Arizona; Defendants Kevin and Janic Ruark as having addresses in Michigan and Florida; and Defendant Jamin Ruark as having addresses in Michigan, Arizona, and Florida. (Doc. 1 ¶¶ 37–47.) Allegations of addresses and residences are insufficient to establish that each plaintiff is diverse from each defendant. Second, for the purposes of diversity jurisdiction, a limited liability corporation ("LLC") is a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Complaint—which names three LLCs, one as a plaintiff and two as defendants—fails to allege either who the owners/members of these LLCs are or their respective citizenships. (Doc. 1 ¶¶ 37–47.) Third, a corporation is deemed a citizen of both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Although the Complaint identifies the state of incorporation of the Charis Foundation (alleged to be a non-profit corporation), the Complaint does not identify its principal place of business. Fourth, the Complaint fails to identify either what type of entity Defendant Charis Companies is or its citizenship. (Doc. 1 ¶ 45.)

Because the Complaint's assertion of diversity jurisdiction is insufficiently supported by the allegations,

**IT IS ORDERED** that by **March 13, 2024**, Plaintiffs shall either (1) amend their Complaint to sufficiently allege subject-matter jurisdiction or (2) show cause in writing why this case should not be dismissed for lack of subject-matter jurisdiction. The Court will not act on Plaintiffs' pending motion for entry of an *ex parte* temporary restraining order (Doc. 6) until Plaintiffs have demonstrated that the Court has subject-matter jurisdiction. The Clerk of the Court is directed to dismiss this case without further order of

the Court if Plaintiffs do not either amend their Complaint or respond to this order to show cause within the timeframe specified herein.

Dated this 6th day of March, 2024.

Douglas L. Rayes
United States District Judge