**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kirk Tjalas, et al., | No. CV-24-00462-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Jamin Ruark, et al., | |
| Defendants. | |

Federal courts, unlike state courts, are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Court has an independent duty to determine whether subject-matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (quotation and citation omitted). The party asserting federal jurisdiction bears the burden of establishing its existence. *Kokkonen*, 511 U.S. at 377.

Plaintiffs filed the Complaint in this action on March 5, 2024, asserting the existence of federal diversity jurisdiction. (Doc. 1 ¶ 48.) On review, the Court determined that the Complaint fails to sufficiently allege diversity jurisdiction. (Doc. 8.) On March 6, 2024, the Court issued an order to show cause noting that, despite claiming the existence of diversity jurisdiction, Plaintiffs failed to identify the citizenship of the parties involved and failed to show a complete diversity of such citizenships. The Court pointed out the specific

deficiencies in the Complaint and then directed Plaintiffs to either amend their Complaint or show cause why the case should not be dismissed for lack of subject-matter jurisdiction.

Plaintiffs chose not to amend their Complaint and instead filed a Response to the Order to Show Cause. (Doc. 10.) Plaintiffs' Response fails to demonstrate that subject-matter jurisdiction exists.

First, as clearly explained in the Court's prior order, limited liability corporations ("LLC") are citizens of every state in which their members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Despite noting this for Plaintiffs, the Response fails to identify the membership of each named LLC or the citizenship of each respective member. Providing an address of where the LLCs are incorporated or have a principal place of business is insufficient; without identifying the members of Act Now, Atlantic Home Health Care, and Haven Home Health Care and the citizenship of those members, the Court has no way of determining whether diversity jurisdiction exists.

Second, the Court's prior order noted that the Complaint does not identify what kind of entities Charis Rescue Foundation and Charis Healthcare Holdings are. Plaintiffs' Response fails to address this. Without this information, the Court is unable to determine whether to treat these defendants are corporations, LLCs, or partnerships for the purpose of deciding whether diversity jurisdiction exists.

Last, the Court's prior order noted that the Complaint failed to identify the respective domiciles of individuals named in the action. Although Plaintiffs' response provides the purported domicile of each named individual, Plaintiffs' corporate disclosure statement suggests that complete diversity is lacking. (*See* Doc. 5 at 2 (identifying Plaintiff Kirk Tjalas and Defendant Jamin Ruark as having Arizona citizenships).)

In sum, the Complaint fails to sufficiently allege diversity jurisdiction and Plaintiff's Response to the Order to Show Cause (which Plaintiffs elected to file in lieu of an amended complaint) is largely unresponsive to the jurisdictional issues the Court identified. Because Plaintiffs have failed to demonstrate that diversity jurisdiction exists, the Court must

1 | presume jurisdiction is lacking and dismiss the case.[1]

2 | **IT IS SO ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. All pending motions are **DENIED AS MOOT**. The Clerk of the Court is directed to close this case.

Dated this 15th day of March, 2024.

_____
Douglas L. Rayes
United States District Judge

---

[1] Nothing in this order precludes Plaintiffs from refiling their lawsuit in a *state* court of competent jurisdiction. Plaintiffs assert only state law claims and evidently cannot demonstrate the existence of complete diversity. There is no reason why this case must be in federal court.